UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

Paul M. Erikson and                                         Case No 12-59165
Mary K. Erikson,                                            Hon. Walter Shapero
                                                            Chapter 7
      Debtors.

_____/

Paul M. Erikson, an individual, and
Mary K. Erikson, an individual,

      Plaintiffs,

v.
                                                            Adv. Pro. No. 12-05546

U.S. Department of Treasury,
Internal Revenue Service,

      Defendant,

_____/

**OPINION GRANTING DEFENDANT'S MOTION TO DISMISS ADVERSARY
PROCEEDING**

INTRODUCTION

Joint debtors filed this Chapter 7 bankruptcy and scheduled debts including tax obligations

owed to the Internal Revenue Service.  They then filed an adversary proceeding seeking a

declaration that such tax debts were dischargeable.  The IRS filed a motion to dismiss the

adversary proceeding arguing that the matter was not justiciable for various reasons.  The Court

grants the motion to dismiss.

1

BACKGROUND

Paul M. Erikson and Mary K. Erikson ("Plaintiffs") filed this joint no-asset Chapter 7

bankruptcy and listed a debt to the Internal Revenue Service ("Defendant" or "the IRS") in the

amount of $10,499.40 for unpaid 2007 income taxes, for which Plaintiffs filed a tax return, albeit

late. Neither the existence nor the amount of this debt is disputed and Defendant did not file a

proof of claim. Two days after filing the bankruptcy, Plaintiffs commenced this adversary

proceeding seeking that the tax debts be deemed dischargeable as unsecured non-priority debts.

Defendant concedes that 11 U.S.C. § 523(a)(1)(A) and (1)(B) would be irrelevant if a

nondischargeability action was ever filed, thus the only way this debt would ever be deemed

nondischargeable is under (1)(C), which excepts from discharge taxes "to which the debtor made

a fraudulent return or willfully attempted in any manner to evade or defeat such tax." See In re

Toti, 24 F.3d 806 (6th Cir. 1994); In re Gardner, 360 F.3d 551 (6th Cir. 2004).

Defendant states it has no *present* intent to bring such an action against Plaintiffs at this

time, nor any *present* reason warranting an investigation into such potential conduct. On the

contrary, Defendant states that it intends to abate or suspend the tax assessments, which makes

the threat of a nondischargeability action a "remote possibility." Defendant filed a motion to

dismiss Plaintiffs' adversary proceeding on the basis that, because there is only a *potential*

dispute rather than an *actual* one: (a) the matter is not justiciable and (b) the complaint

improperly seeks a declaratory judgment that is not permitted by federal law. Defendant

characterizes the former argument as "first and foremost." Plaintiffs have since received a

discharge.

2

Defendant argues that Plaintiffs are seeking a "comfort order" for a non-existent controversy, the result of which would force the IRS to immediately investigate the possibility of fraud or forfeit its right to ever seek relief. The IRS argues that such premature investigation and litigation will result in a considerable waste of resources (including judicial resources), especially considering the cumulative effect of the number of plaintiffs who bring such actions, which the IRS quantifies as thousands every year. In essence, Defendant seeks to avoid the preclusion of its right to later bring a nondischargeability action in the remote event that facts indicating fraud arise. Plaintiffs defend on the basis that they are supported by the policy underpinning the Bankruptcy Code: that debtors should be granted a fresh financial start, unburdened by a lingering threat of liability for past debts.

## DISCUSSION

### A. Justiciability

Although Federal Rule of Bankruptcy Procedure 4007 allows debtors or creditors to file a complaint to determine the dischargeability of a debt, as an initial matter, the Court must determine whether such a matter is justiciable. Justiciability is a concept having its basis in Article III of the United States Constitution, which requires a case or controversy, necessarily involving several related doctrines, including standing, ripeness, and the avoidance of advisory opinions. Malamud v. Sinclair Oil Corp., 521 F.2d 1142, 1146-47 (6th Cir. 1975); Mich. State Chamber of Commerce v. Austin, 788 F.2d 1178, 1181-82 (6th Cir. 1986). Standing requires that a plaintiff establish (a) a concrete and particularized injury that is actual or imminent, not conjectural or hypothetical, (b) a fairly traceable causal connection between the injury and the alleged conduct, and (c) a likelihood that the injury will be redressed by a favorable decision.

3

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).  Standing overlaps with the

ripeness doctrine, which prevents courts from prematurely adjudicating abstract controversies

that are based on anticipated events that might not occur.  In addressing ripeness, a court should

consider (a) the likelihood that the harm that plaintiff alleged will ever come to pass; (b) whether

the factual record is sufficiently developed to fairly adjudicate the merits of the claims; and (c)

the hardship to the parties if judicial relief is denied at that stage.  Kentucky Press Ass'n, Inc. v.

Kentucky, 454 F.3d 505, 509 (6th Cir. 2006).  Ripeness arises under both Article III limitations

on judicial power and also a court's discretion to refuse to exercise jurisdiction for prudential

reasons.  Id.

The Court in In re Mlincek, 350 B.R. 764 (Bankr. N.D. Ohio 2006) was presented with a

similar adversary proceeding with materially identical facts: (a) debtors owing a tax debt to the

IRS; (b) the IRS conceding that the only possible ground for nondischargeability is under

§ 523(a)(1)(C); (c) the IRS indicating no present intent to bring such an action, but rather

intending to abate or suspend the obligation; and (d) debtors having brought an adversary

proceeding to determine dischargeability.  There, the Court held that justiciability existed

because it fell within the bankruptcy court's jurisdiction as granted by Title 11 and Title 28 of

the United States Code.  However, that Court refused to adjudicate the matter, citing prudential

reasons and stating:

> Indeed, the Court regularly grants the relief sought by the plaintiffs…  The
> debtors only ask the Court to determine whether their tax debt was discharged…
> At first blush, it appears that this case is ripe for adjudication… On closer
> inspection, however, the ripeness factors, as well as a healthy respect for
> separation of powers, weigh in favor of dismissal.  First, the debtors have not
> alleged any harm.  They have not alleged that the United States has commenced
> any collection activities, nor have they alleged that the United States is even
> considering collection activities.  The have every reason to believe that their tax

4

debt will be discharged, and any fear of a future dischargeability action by the United States under subsection 523(a)(1)(C) is remote at best… Second, not only is the factual record not fully developed, on the question of tax evasion, the record is non-existent. The debtors have alleged no facts that would suggest a willful attempt to evade or defeat taxes, and the United States has stated that it has no reason to believe any such attempt was made… The United States would be forced to investigate whether the debtors did in fact willfully attempt to evade taxes, or else be forever barred by issue preclusion from asserting nondischargeability under subparagraph 523(a)(1)(C) should evidence of evasion arise in the future. Third, the debtors' complaint does not present any issues of sufficient immediacy or reality to warrant judicial action, and the debtors' would suffer no hardship if the case were dismissed without prejudice. Debts are generally presumed to be discharged, and as noted above, the United States intends to abate the debt once the debtors' discharge is entered.

Subsequently, the same Court issued a similar ruling in In re Sheehan, 09-12005, 2010 WL 4499326 (Bankr. N.D. Ohio 2010), once again analyzing materially identical facts. Citing In re Mlincek, the Court again dismissed without prejudice some of the plaintiff's requests for a declaration of dischargeability of tax debts, stating:

there is little likelihood that the United States will begin collection efforts against Mrs. Sheehan for the tax years in question given its disinterest in adjudicating whether these liabilities are nondischargeable. Nor is the record sufficiently developed to produce a fair adjudication of the merits of Mrs. Sheehan's claims. Finally, Mrs. Sheehan will suffer little hardship if the Court dismisses her cause of action as unripe because she would remain free to refile her adversary proceeding should the United States ever commence or threaten to commence collection efforts against her for the tax years in question.

In Hinton v. U.S., 09-C-6920, 2011 WL 1838724 (N.D. Ill. 2011)(affirming 09-A-621 (Bankr. N.D. Ill 2009), another Court ruled similarly. Applying materially identical facts, that Court went beyond prudential abstention and further found a lack of jurisdiction, stating:

A straightforward application of the facts here to the elements of proof demonstrates Hinton's lack of standing. Hinton has no injury in fact. After the bankruptcy petition was filed, IRS did not take, nor could it have taken, any action to collect the tax due. It did not as much as file a claim against the estate. The discharge would later operate as an injunction against the IRS's attempting to collect. In other words, there is no substantial controversy between the parties of

5

any immediacy or reality. There were insufficient facts to permit the court to resolve the hypothetical dispute. Indeed, Hinton admits that his only harm is his concern that the debt might in the future be revived, which could then require him to incur the expense of asserting the discharge as a complete defense… Rule 4007(b) permits a debtor who is being (wrongfully) pursued by a creditor to assert the discharge as a complete defense in a law suit, or for either debtor or creditor to return to the bankruptcy court to obtain a determination that the debt was or was not discharged. Until such a real dispute arises, however, invasion of the legal protection of the automatic stay and the discharge injunction is only hypothetical and conjectural. The court lacks jurisdiction over the subject matter of the adversary complaint.

Id. at *3-4 (citation omitted).

In this Court's view, these three cases are not factually distinguishable from the one at hand. All involve *potential* nondischargeability actions under § 523(a)(1)(C) that could *one day* be brought by the IRS against a Chapter 7 debtor. This Court finds the reasoning of these cases persuasive and, accordingly, finds that Plaintiffs do not meet their burden of establishing justiciability. This is regardless of whether the inquiry is analyzed under the related doctrines of standing, ripeness, advisory opinions, or some other aspect of justiciability. Plaintiffs lack standing because they have a hypothetical injury that is not actual or imminent. Plaintiffs' argument is essentially that, as long as Defendant can bring the nondischargeability action, there presently exists a live case or controversy. This view of standing is inappropriately lenient and fails to comport with the cited laws governing justiciability in federal court. Further, the adversary proceeding is not ripe for adjudication because (a) the likelihood of Defendant bringing a nondischargeability claim appears remote; (b) there is absolutely no factual record regarding the fraud issue; (c) requiring Defendant to investigate and litigate the issue at this time would cause it significant hardship; and (d) Plaintiffs will suffer only limited harm, if at all. Even if the Court had been persuaded that the Plaintiffs had standing and that the asserted claims

6

were indeed ripe, the Court would find it imprudent to adjudicate the matter so prematurely and would have nonetheless dismissed the adversary proceeding.

Nor is this Court persuaded by the Plaintiffs' cited case of In re Landrie, 303 B.R. 140 (Bankr. N.D. Ohio 2003). That Court was faced with a materially identical adversary proceeding and took a different path from that of In re Mlincek and In re Sheehan. In In re Landrie, the Court held that because the IRS made numerous assessments against the debtor and refused to concede to the dischargeability of the debts, it held a contingent claim against the debtor that under these circumstances was "more than just a remote possibility" causing a case or controversy to arise. This Court finds the holdings and reasoning of In re Mlincek and In re Sheehan more persuasive. While the IRS indeed has a potential nondischargeability claim that is contingent on the discovery of some set of facts indicating fraud, such does not necessarily resolve the issues of ripeness or prudential abstention. The mere existence of a contingent claim, although sufficient to be considered a "debt," does not render such a premature matter justiciable.

Nor is this Court persuaded by Plaintiffs' cited case of In re Dunn, 08-90167-D-7, 2008 WL 4346454 (Bankr. E.D. Cal. 2008). That Court found a dispute regarding the dischargeability of a state tax debt to be a justiciable case or controversy. In re Dunn distinguished In re Mlincek on the grounds that, in the former case, the taxing authority was "not as unequivocal" as in the latter case because it did not declare its intentions to abate or suspend the tax debt as the IRS did.

Nor is this Court persuaded by Plaintiffs' cited case of In re Hayes, 453 B.R. 270 (E.D. Mich. 2011)(affirming Judge Rhodes of the Bankruptcy Court in this District). There, a debtor similarly filed an adversary proceeding to determine dischargeability of a tax debt. However, it

was undisputed there that a nondischargeable tax debt existed. The only question was whether the debtor, a co-owner of the corporation responsible for that debt, was personally liable thereon. Notably, the IRS had filed a proof of claim against that debtor and the Court held that the adversary proceeding could be considered a counterclaim to it. The adversary proceeding was also just one of many motions pending before the Court, including the issues of a possible exemption and whether the debtor had made any payments to the IRS on any debts owed. Because the adversary proceeding was one of the many issues deeply engrained in the main bankruptcy case, the Court found that it fell within its "related to" jurisdiction and that, because standing existed, dismissal on grounds of non-justiciability or abstention was unwarranted. All the above facts are inapposite to the ones in the present matter. The potential nondischargeability here essentially exists in a vacuum because it appears to be the only remaining unresolved issue in the bankruptcy. Also, there is no debt that has already been deemed nondischargeable. That fact is a consideration for finding a lack of jurisdiction. In re Swain, 437 B.R. 549 (Bankr. E.D. Mich. 2010)(Tucker, J.)(holding that, because it is uncontested that the entity's debt is nondischargeable and that the only question is whether its operator was liable thereon, the adversary proceeding was not within the bankruptcy court's jurisdiction).

The Court notes Plaintiffs' concerns and recognizes that the Bankruptcy Code's central purpose is to afford an honest but unfortunate debtor a new opportunity in life, unhampered by the pressure and discouragement of preexisting debt. In re Pike, 258 B.R. 876, 880-81 (Bankr. S.D. Ohio 2001)(quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934)). Plaintiffs seek a "fresh start," which, in their view, necessarily requires the peace of mind of having a discharge

of this sizeable debt they owe to the IRS. As one Court stated, the Bankruptcy Code seeks to avoid having the debtor suffer from "having a sword of Damocles hanging over his head." Bostwick v. United States, 521 F.2d 741, 746 (8th Cir. 1975)(analyzing a similar adversary proceeding under the Anti-Injunction and Declaratory Judgments Acts, rather than standing or ripeness). This Court notes that any potential nondischargeability action that could be brought would arise under § 523(a)(1)(C), which is not among the nondischargeability sections for which the bankruptcy court has *exclusive* jurisdiction. In re Ulrich, 456 B.R. 345, 348 (Bankr. N.D. Ohio 2011)(sections (a)(2), (a)(4), and (a)(6) are within the bankruptcy court's exclusive jurisdiction). Thus, it is not unheard of for a Chapter 7 debtor who is discharged from a tax debt to subsequently need to litigate the issue of its nondischargeability. See In re Ryan, 286 B.R. 141 (Bankr. W.D. Mo. 2002)(IRS brought adversary proceeding against discharged debtor under § 523(a)(1)(C) and prevailed); In re Volpe, 377 B.R. 579 (Bankr. N.D. Ohio 2007)(after discharge, debtor sought declaration he was discharged from IRS debt but it was held nondischargeable under § 523(a)(1)(C)); In re Dagostini, 482 B.R. 597 (Bankr. E.D. Wis. 2012)(similar facts).

Although the prospects of Plaintiffs having to defend a nondischargeability action for this tax debt may be remote, such is inherent in the very nature of their discharge (which on its face explains that "Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are… Debts incurred to pay nondischargeable taxes"). The Court is not persuaded by Plaintiffs' argument that there is no guarantee that the Bankruptcy Court would allow them to reopen their case if the IRS were to ever pursue them. In such an event, regardless

of which forum the IRS chooses to bring such an action, the Plaintiffs could still maintain the defense that the debt was discharged in the bankruptcy.

*B. The Declaratory Judgments Act*

Defendant also moved to dismiss the adversary proceeding on the basis that Plaintiffs' complaint sought a declaratory judgment in contravention of 28 U.S.C. § 2201. However, because this Court has determined it is not presented with a case or controversy, it need not deal with that issue.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiffs' adversary proceeding. An order to this effect is being entered concurrently.

.

**Signed on May 10, 2013**

                  **/s/ Walter Shapero**
              **Walter Shapero**
              **United States Bankruptcy Judge**

10